Mishka L. Marshall (016641)
Marshall Law Group, P.C.
777 E. Thomas Rd., Suite 210
Phoenix, AZ 85014
Telephone: 602/274-7873
Facsimile: 602/274-8207
Email: mlmarshall@marshall-law.us
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NICOLE BROWN,<br><br>          Plaintiff,<br><br>V.<br><br>SCHENKER, INC., a foreign corporation doing business in Arizona,<br><br>          Defendant. | **Case No. CV**<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff, Nicole Brown, for her complaint against Defendant, alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2611, *et seq.* and 42 U.S.C. § 12111, *et. seq.*. This Court also has jurisdiction pursuant to 42 U.S.C. §§ 2201 and 2202 relating to declaratory judgments.

2. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, Arizona. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. The employment practices alleged below to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

4. Plaintiff Nicole Brown is, and was at all relevant times, a resident of Maricopa County, Arizona.

5. Defendant Schenker, Inc. is a foreign corporation doing business in Maricopa County, Arizona.

6. Defendants are employers as defined by the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 2000e(b).

7. At all times relevant, Plaintiff was a qualified individual with a disability pursuant to the ADA and the 2008 ADA Amendments Act.

8. This Court has subject matter jurisdiction over these claims.

9. All acts complained of herein took place in Maricopa County, Arizona.

10. Upon information and belief, at all times relevant to this matter, each named Defendant has continuously employed more than 100 people.

11. Plaintiff reserves the right to name and serve additional parties who may be liable for her damages, and will amend this Complaint and name such parties when, and if, their identity is discovered.

## GENERAL ALLEGATIONS

12. Defendant is a covered employer as defined by the Americans with Disabilities Act and the Family Medical Leave Act.

13. Plaintiff Nicole Brown ("Plaintiff" or "Ms. Brown") suffers from panic/anxiety disorder, depression and ADHD, medical conditions that substantially limit her ability to, among other things, handle undue stress and harassment.

14. On or about January 18, 2008, Defendant hired Ms. Brown for the position of Central Account Executive.

15. On or about August 6, 2010, Ms. Brown filed an internal complaint with Defendant's Human Resources Department regarding workplace harassment.

16. Thereafter, Defendant intensified its harassment of Ms. Brown and began to retaliate against her for filing the internal complaint. Defendant's conduct included but was not limited to more harshly critiquing Ms. Brown's work than similarly situated employees and threatening Ms. Brown with termination of her job.

17. Defendant's conduct exacerbated Ms. Brown's condition.

18. On or about May 12, 2011, Ms. Brown was placed on leave pursuant to the Family Medical Leave Act ("FMLA").

19. On or about May 23, 2011, Defendant's Human Resources employee James Stevenson contacted Ms. Brown's physician from Stevenson's personal email address requesting confidential medical information about Ms. Brown's medical condition.

20. On or about May 23, 2011, Ms. Brown notified Defendant about James Stevenson's unlawful attempt to access her confidential healthcare information.

21. When Ms. Brown's FMLA leave expired, she was approved for short term disability through August 2011.

22. Defendant made no attempt to engage in the Interactive Process with Ms. Brown.

23. Despite the approval for short term disability, Defendant notified Ms. Brown that her short term disability benefits were terminated, effective July 5, 2011.

24. Based on the misconduct summarized above, Ms. Brown timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") on July 18, 2010.

25. On or about November 20, 2011, Ms. Brown received a right to sue letter from the EEOC and timely commenced this action within ninety (90) days of receipt of the letter.

## COUNT I

**(Violation of the Americans With Disabilities Act)**

26. Plaintiff Nicole Brown realleges and incorporates herein by reference the allegations of the foregoing paragraphs of this Complaint as though fully set forth here.

27. Each Defendant is an employer as defined by the Americans With Disabilities Act ("ADA") and 42 U.S.C. § 2000e(b).

28. Ms. Brown's symptoms and physical condition, as described above, caused substantial limitation to the performance of major life activities. Additionally, the length of time during which Ms. Brown experienced symptoms constitutes a record of impairment.

29. At all times relevant, Ms. Brown's physical condition qualified as a "disability" pursuant to the ADA.

30. Furthermore, under the broader definition of disability pursuant to the 2008 ADA Amendments Act (ADAAA), Ms. Brown's diagnosis is unequivocally a disability.

31. Ms. Brown made a request that Defendants reasonably accommodate her disability.

32. Defendants refused to accommodate Ms. Brown's request or engage in the Interactive Process required by the ADA.

33. Defendants treated Ms. Brown disparately compared to other similarly situated non-disabled employees because of her disability and her requests for accommodation.

34. Defendants discriminated against Ms. Brown because of her disability, in violation of the Americans With Disabilities Act.

35. As a direct and proximate cause of Defendants' acts, Brown suffered and continues to suffer damages in amounts to be proven at trial.

## COUNT II

**(Violation of the Americans With Disabilities Act – Retaliation)**

36. Plaintiff realleges and incorporates herein by reference the allegations of the foregoing paragraphs of this Complaint as though fully set forth here.

37. Defendant is an employer as defined by the ADA and 42 U.S.C. § 2000e(b).

38. Ms. Brown's symptoms and physical condition, as described above, caused substantial limitation to the performance of major life activities. Additionally, the

length of time during which Ms. Brown experienced symptoms constitutes a record of impairment.

39. At all times relevant, Ms. Brown's physical condition qualified as a "disability" pursuant to the ADA.

40. Furthermore, under the broader definition of disability pursuant to the 2008 ADA Amendments Act (ADAAA), Ms. Brown's diagnosis is unequivocally a disability.

41. Ms. Brown made a request that Defendants reasonably accommodate her disability.

42. Defendants refused to accommodate Ms. Brown's request or engage in the Interactive Process required by the ADA.

43. Defendants treated Ms. Brown disparately compared to other similarly situated non-disabled employees because of her disability and her requests for accommodation.

44. Defendants retaliated against Ms. Brown because of her disability in violation of the Americans With Disabilities Act.

45. As a direct and proximate cause of Defendants' acts, Brown suffered and continues to suffer damages in amounts to be proven at trial.

## COUNT III

### (Violation of the FMLA and FMLA Retaliation)

46. Plaintiff realleges and incorporates herein by reference the allegations of the foregoing paragraphs of this Complaint as though fully set forth here.

47. Defendant is an employer obligated to conform to the FMLA.

48. Plaintiff was a covered employee under the FMLA.

49. In May 2011, Plaintiff was forced to take FMLA to attend to a serious medical condition pursuant to her rights under the FMLA.

50. Upon the expiration of Plaintiff's FMLA leave, Defendant took affirmative steps to quash Plaintiff's short term disability leave.

51. Upon the expiration of Plaintiff's FMLA leave, Defendant refused to allow Plaintiff

1  to return to work and refused to pay Plaintiff's salary.

2  52. As a direct and proximate cause of Defendants' acts, Plaintiff suffered and
3  continues to suffer damages in amounts to be proven at trial.

4  53. Defendant's conduct in retaliating against Plaintiff was malicious, done with
5  reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to
6  punitive and/or exemplary damages.

## **DEMAND FOR JURY TRIAL**

8  54.  Nicole Brown hereby requests a trial by jury.

## **PRAYER FOR RELIEF**

10       WHEREFORE, Plaintiff respectfully requests that this Court:

11       A.   Grant a permanent injunction enjoining Defendants and their officers,
12  successors, assigns and all persons in active concerns or participation with it, from
13  engaging in any employment practice which discriminates on the basis of disability.

14       B.   Order Defendant to institute and carry out policies, practices and programs
15  which provide equal employment opportunities for qualified persons with disabilities and
16  which eradicate the effects of its past and present unlawful employment practices.

17       C.   Grant a permanent injunction enjoining Defendants from retaliating against
18  individuals who oppose unlawful discrimination.

19       D.   Enter declaratory judgment that Defendants violated Nicole Brown's right
20  to be free from discrimination and retaliation.

21       E.   Order Defendants to implement training and monitoring programs
22  administered by an entity external to Defendants.

23       F.   Order Defendants to make whole Nicole Brown by providing appropriate
24  back pay with prejudgment interest, in amounts to be determined at trial, and other
25  affirmative relief necessary to eradicate the effects of their unlawful employment
26  practices, including but not limited to, rightful hiring of Nicole Brown.

1     G.    Order Defendants to pay front pay in an amount to be proven at trial.

    H.    Order Defendants to compensate Nicole Brown for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including damages for emotional pain and suffering, including but not limited to anguish, distress, humiliation, embarrassment, anxiety and ordeal, in amounts to be determined at trial.

    I.    Order Defendants to pay punitive damages in an amount to be determined at trial;

    J.    Award Nicole Brown her costs, attorney's fees and pre-judgment and post-judgment interest; and

    K.    Grant such further relief as this Court deems necessary and proper in the public interest.

Respectfully submitted this 16th day of February, 2012.

**MARSHALL LAW GROUP, P.C.**

/s/Mishka L. Marshall
Mishka L. Marshall
777 East Thomas Road, Suite 210
Phoenix, AZ  85014
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2012 I transmitted by electronic filing the foregoing Complaint to the United States District Court for the District of Arizona using the CM/ECF System.

/s/Mishka L. Marshall
Mishka L. Marshall